KIMBERLY P. STEIN, ESQ.
Nevada Bar No. 8675
E-mail: kps@fdlawlv.com
FLANGAS LAW GROUP
3275 S. Jones Blvd., Suite 105
Las Vegas, NV 89146
Telephone: (702) 307-9500
*Attorneys for Defendant*
*Ignite International, Ltd.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| TYLER BAKER, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IGNITE INTERNATIONAL, LTD.,<br><br>Defendant. | CASE NO.:  2:20-CV-001172-JCM-DJA<br><br>**DEFENDANT IGNITE INTERNATIONAL, LTD.'S MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**<br><br>**[ORAL ARGUMENT REQUESTED]** |

Defendant, IGNITE INTERNATIONAL, LTD. ("Ignite or "Defendant") by and through its attorneys of record, the law firm of Flangas Law Group, hereby moves to dismiss the Class Action Complaint (the "Complaint" or "ECF No. 1") for Violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §§227, et. *seq*. ("TCPA"), filed by Plaintiff TYLER BAKER ("Plaintiff").  This Motion to Dismiss (the "Motion") is made pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject matter jurisdiction as Plaintiff has failed to establish standing to bring a cause of action under the TCPA because he has not shown he suffered an injury in fact; and 12(b)(6) upon the grounds that Plaintiff has failed to state a claim upon which relief can be granted under the TCPA, because Plaintiff fails to allege sufficient facts to show that Ignite is directly or vicariously liable for violating the TCPA.

/ / /

/ / /

1   Defendant's Motion is made and based upon the pleadings and papers on file

2   herein, the following Points and Authorities, and any argument presented at a hearing on

3   the Motion.

4   Dated this 24th day of August, 2020          **FLANGAS LAW GROUP**

5                                                */s/Kimberly P. Stein*

6                                                KIMBERLY P. STEIN, ESQ.
                                                 Nevada Bar No. 8675

7                                                E-mail: kps@fdlawlv.com
                                                 3275 South Jones Blvd., Suite 105

8                                                Las Vegas, Nevada 89146
                                                 Attorneys *for Defendant Ignite International,*

9                                                *Ltd.*

10

11                        **MEMORANDUM OF POINTS AND AUTHORITIES**

12                        **I.        INTRODUCTION**

13           Ignite operates as a vertically-integrated cannabis company, engaging in the

14   business of cultivation, development, extraction, and distribution of cannabis and cannabis-

15   infused products, as well as the production and distribution of cannabis-related accessories.

16   As part of its marketing strategy, Ignite runs sweepstakes wherein prizes are awarded, and

17   no purchase is necessary.

18           Plaintiff's Complaint for violation of the TCPA, is premised upon conclusory

19   allegations about a *single* text message that he allegedly received from an unknown entity

20   or individual at a phone number that traces back to New Castle, Indiana (765 area code)

21   about special sales and new products of Ignite. Yet, Plaintiff fails to state that he opted into

22   receiving email and SMS messages from Ignite when he signed up for a sweepstakes on

23   May 16, 2020 via: https://ignite.co/pages/email-signup.   The sign up shows the phone

24   number as optional and includes the disclaimer:

25           By completing this form, you are signing up to receive our emails and can
             unsubscribe at any time. I agree to receive recurring automated text
26           messages at the phone number provided. Consent is not a condition to
             purchase. Msg & data rates may apply. I may opt out of receiving SMS
27           updates at any time by replying STOP. Click to view our Terms of Service.

28   / / /

1     Plaintiff's Complaint asserts two causes of action alleging that Ignite violated the

2  TCPA by sending one text message to him using an automatic telephone dialing system

3  ("ATDS").  Plaintiff's allegations of ATDS usage here are bare, and merely parrot the

4  statutory language.  The Complaint contains no factual support for its sole allegation of

5  random or sequential number generation – a far cry from what the court required in

6  *Glasser v. Hilton Grand Vacations Co*., LLC, No. 18-14499, No. 18-14586, 2020 WL

7  415811 (11th Cir. Jan. 27, 2020).  *See* Complaint, ¶ 31 (alleging, only "upon information

8  and belief," that the telephone systems Ignite used to send the messages constitutes an

9  ATDS").  The Complaint also lacks support for the allegation that the unidentified ATDS

10  "has the capacity to store numbers on a list and to dial from a list."  *See* Complaint, ¶ 33.

11  Nevertheless, calling from a list of pre-prepared numbers is not a violation of the TCPA.

12  *See Glasser*, 2020 WL 415811, at *7.  Plaintiff's allegations of ATDS usage fall short, and

13  do not state a claim for relief. In addition to these threshold pleading deficiencies, Count I,

14  alleging a willful and knowing violation of the TCPA, is not a viable standalone cause of

15  action.  This claim also lacks any supporting factual detail. It is therefore subject to

16  dismissal.

17     Moreover, Plaintiff's conclusory allegations necessarily fail because they are

18  insufficient to establish that either (i) Ignite itself sent the text message, or (ii) Ignite could

19  be held vicariously liable for the transmission of the text message. Absent such necessary

20  facts, Plaintiff cannot plead a TCPA claim against Ignite as Plaintiff's claims are so ill-

21  defined, it is inevitable that if discovery proceeds, Plaintiff will seek discovery on claims

22  that are not legally viable and seek it from parties against whom Plaintiff has not stated and

23  cannot state any claim.  Alternatively, even if the Complaint were not dismissed in its

24  entirety, Plaintiff's unworkable proposed class definition—which necessarily includes text

25  messages that would not have been sent in violation of the TCPA—improperly requests

26  attorneys' fees, and makes an unsupported prayer for treble damages that should be

27  dismissed.

28  / / /

## II.   RELEVANT FACTUAL ALLEGATIONS

Plaintiff alleges that the 10-digit, long-form telephone number appearing at the top of the screenshot—(765) 388-3138—is leased, owned, or operated by Defendant and makes further conclusory allegation that Ignite sent the text message on May 16, 2020. *See* Complaint, ¶ 24-25 (ECF No. 1, 6:3-20).  Plaintiff does not, however, allege facts to suggest that Ignite has a connection to that telephone number. 765 is an area code for Indiana, not Nevada, and there are no allegations as to a connection between Ignite and Indiana.  Instead, Plaintiff simply relies on the fact that the text message referred to Ignite.

Without alleging facts to suggest that other individuals received any other similar text message, Plaintiff nonetheless purports to bring a broad TCPA claim, beyond the specific text allegedly received by Plaintiff, on behalf of a putative class by merely stating that Defendant also sent more than one text message.  *See* Complaint, ¶ 81 (ECF No. 1, 14:15-18.)  Yet, Plaintiff seeks statutory damages of $500 for each alleged violation of the TCPA—or $1,500 for any violations committed willfully or knowingly—in addition to injunctive relief and attorneys' fees and costs. (*Id.*, at Prayer for relief.).

## III.   LEGAL ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a complaint must "state a claim upon which relief can be granted."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  Courts "need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *Derby v. AOL, Inc.*, Case No. 15-CV-00452-RMW, 2015 WL 3477658, at *2 (N.D. Cal. June 1, 2015) (quotations and citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quotations and citation omitted).

## A. PLAINTIFF FAILS TO ESTABLISH STANDING AS HE HAS NOT SHOWN HE HAS SUFFERED AN INJURY IN FACT.

The Court is required to carefully examine its jurisdiction over a case, and where proper, dismiss the case *sua sponte* for lack of subject-matter jurisdiction. *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 305, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006). To invoke this Court's jurisdiction, the Plaintiff must establish that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, ⎯⎯ U.S. ⎯⎯, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at 1549.

Plaintiff has failed to establish standing to bring a cause of action under the TCPA because he has not shown he suffered an injury in fact. In *Salcedo v. Hanna*, the plaintiff alleged he received one unsolicited text message, which caused him to waste his time addressing the message, made both the plaintiff and his phone "unavailable for otherwise legitimate pursuits," and invaded his privacy and "right to enjoy the full utility of his cellular device." *Salcedo v. Hanna*, 936 F.3d 1162, 1167 (11th Cir. 2019) (internal quotation marks omitted). The Eleventh Circuit held the plaintiff lacked standing to file suit under the TCPA because his allegations of harm related to the text message did not establish a concrete injury in fact. *Id*. at 1172.

The holding in *Salcedo* specifically addresses the harm allegedly caused by one text message. The Court in *Perez v. Golden Trust Insurance, Inc.*, 2020 WL 3969277 (S.D. Florida July 6, 2020), applied the rationale for finding a lack of a concrete injury from one text message in *Salcedo* to a plaintiff who alleged that he had received multiple unwanted

1   and unsolicited text messages and also found that the plaintiff failed to establish he had

2   standing to bring this cause of action.  In *Perez*, the Court found that text messages, unlike

3   faxes, are "qualitatively different" from those cases where there was standing to bring a

4   cause of action under the TCPA, and that "a cell phone user can continue to use all of the

5   device's functions, including receiving other messages, while it is receiving a text

6   message." *quoting Salcedo*, 936 F.3d at 1168.  Further citing *Salcedo*, the Court in *Perez*

7   found that the alleged injury was merely "isolated, momentary, and ephemeral." *Salcedo*,

8   936 F.3d at 1171.  Like the plaintiff in *Salcedo*, Plaintiff here only pleads one text message.

9   As such, the Court should find that the Plaintiff's Complaint fails to establish that Plaintiff

10  has standing to bring this cause of action, and there is no basis to amend, as Plaintiff did

11  not receive further messages.  As such, this Court lacks subject matter jurisdiction and

12  should dismiss the Complaint.

13       If the Court is not inclined to dismiss the Complaint for lack of subject matter

14  jurisdiction, this Court should dismiss the Complaint for failure to state a claim under

15  FRCP 12 (b)(6).

16  **B.     PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF THE
17          TCPA.**

18       To properly plead a TCPA claim, Plaintiff must sufficiently allege that "(1) the

19  defendant called a cellular telephone number; (2) using an automatic telephone dialing

20  system ['ATDS']; (3) without the recipient's prior express consent." *Meyer v. Portfolio*

21  *Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C § 227(b)(1)).[1]

22  "The Ninth Circuit has emphasized that courts must look to the surrounding circumstances

23  in determining whether particular calls run afoul of the TCPA, and in so doing, courts must

24  'approach the problem with a measure of common sense.'" *Derby*, 2015 WL 3477658, at

25  *6 (citation omitted) (granting motion to dismiss TCPA claim).

26  / / /

27

28  [1] The TCPA's prohibitions also apply to text messages. *Satterfield v. Simon & Schuster,*
    *Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

Plaintiff's boilerplate allegations are insufficient.  Here, Plaintiff's Complaint fails for the simple reason that he has entirely failed to plead that Ignite is directly or vicariously liable for the alleged wrongful conduct. The Court. should dismiss his Complaint on those grounds alone.  S*ee Ewing v. Encor Solar, LLC*, Case No. 18-CV-2247-CAB-MDD, 2019 WL 277386, at *7-8 (S.D. Cal. Jan. 22, 2019) (dismissing complaint where plaintiff failed to allege facts that defendant or an agent acting within its authority had placed the thirteen unsolicited calls plaintiff had received, even if plaintiff's ATDS allegations had otherwise been sufficient to withstand dismissal).

Plaintiff summarily alleges that Ignite sent the text message he allegedly received. *See* Complaint, ¶ 24 (ECF No. 1, 6:3-5).  Plaintiff further alleges that the text message was transmitted from a telephone number without any allegation of ownership by Defendant of said number.

Plaintiff's conclusory and contradictory allegations are insufficient to demonstrate that either (i) Ignite itself sent the message, or (ii) any other entity acted in the capacity of Ignite's agent in sending the message, or (iii) that an ATDS was sued to send the message. *See, e.g., Calihan v. Santiago*, Case No. 15-CV-05597-YGR, 2016 WL 2348332, at *2 (N.D. Cal. May 4, 2016) ("Because both allegations are equally plausible according to Plaintiff's factual allegations, he fails to 'show more than a sheer possibility' that Defendant has acted unlawfully." (*quoting Iqbal*, 556 U.S. 662, 678 (2009)).

### 1.    Plaintiff Fails to Allege Adequate and Plausible Facts That Ignite Itself Sent the Text Message.

As noted above, the TCPA imposes direct liability only upon those persons that "make" a telephone call or text. 47 U.S.C. § 227(b)(1)(A)(iii).  Courts interpreting this provision "have held that the verb 'make' imposes civil liability only on the party that places the call or text." *See, e.g., Childress v. Liberty Mut. Ins. Co*., Case No. 17-CV-1051 MV/KBM, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (citations omitted) (dismissing complaint in light of plaintiff's failure to plead the defendant's direct or indirect liability for placing the allegedly offending calls).  While Plaintiff baldly concludes

that Ignite transmitted the text message in question, the Complaint asserts no facts that would support an inference that Ignite itself sent the text message.

### 2. Plaintiff Fails to Allege a Sufficient Basis to Hold Ignite Vicariously Liable for an Alleged Violation of the TCPA by a Third Party.

Plaintiff also fails to allege any factual basis to hold Ignite vicariously liable for any purported acts of any third parties that may have sent the alleged text message. A defendant can only be subject to vicarious liability for violations of the TCPA where common law principles of agency would impose it. *Jones v. Royal Admin. Servs., Inc.,* 887 F.3d 443, 450 (9th Cir. 2018). "For an agency to exist, an agent must have authority to act on behalf of the principal and the person represented must have a right to control the actions of the agent." *Id*. at 448. As the Ninth Circuit reasoned in *Jones*, where a defendant does not have authority or control over the third party placing the calls, and did not exercise sufficient control over the manner and means in which the allegedly wrongful calls at issue were made, the defendant cannot be held vicariously liable under the TCPA on agency principles. *Id*. at 453 (affirming district court's grant of summary judgment in favor of defendant).

Again, the Complaint here is devoid of sufficient factual allegations concerning an agency relationship, let alone allegations that Ignite granted "actual authority to place [texts] in violation of the TCPA" or otherwise "exercised sufficient control over the manner and means" of the text message identified in Plaintiff's Complaint. *See id.; see also Ewing v. Encor Solar, LLC*, Case No. 18-CV-2247-CAB-MDD, 2019 WL 277386 (S.D. Cal. Jan. 22, 2019) (a party must control "the manner and means of all the calls made" to be deemed a principal for TCPA liability purposes). Providing no predicate factual basis, the complaint concludes that Ignite "sent an automated text message" "from Defendant or an ATDS." *See* Complaint, ¶ 24, 26 (ECF No. 1, 6:3-22.)

Moreover, the only mention of an agent at all is under Count I, wherein for the first time at paragraph 73 of the Complaint, Plaintiff alleges Defendant and/or its agents placed a call. (ECF No. 1, 13:19-20). Yet, Plaintiff fails to show that Ignite or an agent (i) leased

-8-

or owned the phone number used to send text messages, (ii) retained others to "acquire, receive, and store lists of telephone numbers," (iii) "oversaw, directed, encouraged, authorized, and controlled" the acquisition of phone numbers and preparation of lists by others, (iv) received monetary benefit from the use of phone number lists "directing, encouraging, authorizing, and controlling the initiation and transmission of the subject text messages," and (v) acquired Plaintiff's phone number.

The Complaint fails to provide facts sufficient to support the conclusions set forth therein, such as that Ignite had any authority or control over the entity that placed the alleged text message; authorized the use of an ATDS at any point, if one was even used, or in any way controlled the initiation and transmission of the alleged text message or any other communications.  Without pleading any such facts, Plaintiff cannot satisfy his burden to state a TCPA claim against Ignite.  *See Canary v. Youngevity Int'l, Inc.,* Case No. 5:18-CV-03261-EJD, 2019 WL 1275343, at *6 (N.D. Cal. Mar. 20, 2019) ("[l]acking . . . are sufficient factual allegations to plead that Youngevity exercised control over the specific contents of the March 15 call advertising DAC.  Even if Canary had alleged such facts, control over the content of an advertising call, without more, is insufficient to plead vicarious liability"); *Ewing*, 2019 WL 277386, at *7-8 (applying *Jones* and holding that plaintiff failed to plead any facts in support of his conclusory allegations that defendant exercised any control over those allegedly making the calls to plaintiff in order to establish the requisite agency relationship); *Childress*, 2018 WL 4684209, at *3 (same).

Plaintiff's mere use of the label "agent" and conclusion that others were acting subject to Ignite's control and direction to allege vicarious liability against Ignite is insufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Because Plaintiff has not sufficiently alleged that Ignite can be held either directly or indirectly responsible for placing the text message he allegedly received, his Complaint should be dismissed.

/ / /

/ / /

### 3. Plaintiff's Boilerplate ATDS[2] Allegations Are Insufficient.

"To sufficiently plead the ATDS element of a TCPA claim, a plaintiff may not merely recite the statutory elements of the use of an ATDS or prerecorded voice without alleging additional facts to support those facts." *Adams v. Ocwen Loan Servicing, LLC*, 366 F.Supp.3d 1350, 1355-56 (S.D. Fla. 2018); *Turizo v. Jiffy Lube Int'l Inc.*, 2019 WL 4737696 (S.D. Fla. Sept. 27, 2019) (holding that complaint lacked detail regarding ATDS usage and allegations were "insufficient to plausibly allege the use of an ATDS"); *Simon v. Ultimate Fitness Grp., LLC*, No. 19-CV-890, 2019 WL 4382204, at *7 (S.D.N.Y. Aug. 19, 2019) (requiring factual allegations that are "plausible indicia of an ATDS"); *Sterling v. Securus Techs., Inc.*, No. 3:18-CV-1310 (VAB), 2019 WL 3387043, at *1 (D. Conn. July 26, 2019) ("Plaintiffs must do more than simply parrot the statutory language."); *Douek v. Bank of Am. Corp.*, No. 17-2313, 2017 WL 3835700, at *2 (D.N.J. Sept. 1, 2017) ("[A] bare allegation that defendants used an ATDS is not enough.")

Plaintiff's allegations are not sufficient under *Glasser* to state a claim because there are no facts pled supporting that a random or sequential number generator was used. *See Complaint*, ¶ 31 (alleging, only "upon information and belief," that the telephone systems Ignite used to send the messages constitutes an ATDS." (ECF No. 1, 7:5-8). The Complaint also lacks support for the allegation that the unidentified ATDS "has the capacity to store numbers on a list and to dial from a list." Nevertheless, calling from a list of pre-prepared numbers is not a violation of the TCPA. *See Glasser*, 2020 WL 415811, at *7. Accordingly, Plaintiff's allegations of ATDS usage fall short, and do not state a claim for relief.

/ / /

---

[2] Ignite further notes the circuit split created by the Ninth Circuit's interpretation of the statutory definition of an ATDS as set forth in *Marks v. Crunch San Diego*, LLC, 904 F.3d 1041 (9th Cir. 2018), is the subject of a petition for a writ of certiorari to the United States Supreme Court in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019). United States Supreme Court Case No. 19-511. As the 7th and 11th Circuits have explicitly narrowed the definition of an ATDS to exclude databases, this decision is also pertinent in this case, as to the dispositive issue of whether Ignite used an ATDS.

**C.    THE COMPLAINT SHOULD BE DISMISSED AS IT IS NOT A PERMISSIBLE CLASS ACTION.**

"A class definition should be 'precise, objective, and presently ascertainable.'" *O'Connor v. Boeing N. Am., Inc*., 184 F.R.D. 311, 319 (C.D. Cal. 1998).   Where it is facially apparent from the pleadings that the proposed class definition is unworkable, the class allegations may be dismissed on the pleadings . *Sanders v. Apple Inc.,* 672 F.Supp.2d 978, 989-90 (N.D. Cal. 2009) (striking class definition that included individuals who were not victims of the alleged harm and granting motion to strike class allegations); *see also Sandoval v. Ali*, 34 F.Supp.3d 1031, 1044 (N.D. Cal. 2014) (striking class allegations that were inconsistent with plaintiff's theory of the case); *Kamm v. Cal. City Dev. Co*., 509 F.2d 205, 212 (9th Cir. 1975) (affirming dismissal of class claims before any discovery was conducted in the action). Here, at a minimum, Plaintiff should not be able to proceed based on an unworkable and overbroad class definition that, on its face, is not limited to his legal theory or actual violations of the TCPA.

Plaintiff's sole theory of liability is that the single text message he received constituted a TCPA violation. Even assuming Plaintiff could state a viable TCPA claim, any proposed class must be premised on alleged TCPA violations. Plaintiff continues to propose a class that would include all persons who received any text message that contains the same text message within a 21-month period for the express purpose of marketing Defendant's goods and services.   *See* Complaint, ¶ 81; (ECF No. 1, 14:15-18).   This definition is not limited to texts that would constitute a TCPA violation, and therefore sweeps in texting that could not constitute impermissible texting within the meaning of the TCPA. See 47 U.S.C. § 227(b)(1)(A).  For example, Plaintiff's definition would encompass text messages that were not sent using an ATDS.  As such, the proposed class inevitably includes individuals who received text messages that are not actionable under the TCPA and, thus, would not have standing to assert any TCPA claim. *See id*.; see also 47 C.F.R. § 64.1200(a)(2) (prohibiting "telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system").  In the Ninth Circuit, a class action that includes members who lack standing cannot be maintained. *See,*

*e.g., Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012) ("[N]o class may be certified that contains members lacking Article III standing."). "[B]ecause discovery would not cure this defect, striking the class allegations is proper." *Pepka v. Kohl's Dep't Stores, Inc.*, Case No. CV-16-4293-MWF (FFMx), 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016).

In *Pepka*, the plaintiff sought to bring her claims on behalf of the following class:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of the Complaint.

2016 WL 8919460, at *1.  Notably, the *Pepka* class definition tried to include some limitations—such as the reference to an "automatic telephone dialing system" and the exclusion of calls "made for emergency purposes"—not even attempted by Plaintiff here. Nonetheless, the *Pepka* court granted the defendant's motion to strike the class allegations because those allegations would necessarily "involve highly individualized inquiries regarding consent."  *Id*. at *4.  Here, Plaintiff's proposed class definition, which includes all persons who received any text message from Ignite within a 21-month period implicates the same "highly individualized inquiries" that would dominate discovery.  This is patently unworkable. Further, there is no basis for the 21-month period selected.

Because Plaintiff's proposed class is facially deficient, the Court should this matter as it is not a class action.

## D.   PLAINTIFF'S UNSUPPORTED REQUEST FOR TREBLE DAMAGES FOR WILLFUL OR KNOWING VIOLATIONS SHOULD BE DISMISSED.

Plaintiff's request for treble damages for each "willful or knowing" violation of the TCPA) should also be dismissed because he fails to allege Ignite "knew the [text message] was unsolicited, as required by section 227(b)(1)(C)."  *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) (affirming that complaint did not support willful TCPA violation or treble damages); 42 U.S.C. § 227(b)(1)(C) (treble statutory

1    damages are available only for "willful or knowing" TCPA violations); *see also Susiso v.*

2    *Wells Fargo Bank, N.A.*, 796 F.Supp.2d 1177, 1196 (C.D. Cal. 2011) (court may use

3    Rule 12(f) to strike prayer for relief that is not available as a matter of law). As set forth

4    above, there is nothing in the Complaint giving rise to a plausible inference that Ignite sent

5    or even knew about the alleged text message at issue, much less that Ignite granted actual

6    authority to an agent to place the text in violation of the TCPA or otherwise exercised

7    sufficient control over the manner and means in which the message was sent. The bare

8    assertion that Ignite, negligently, willfully or knowingly violated the TCPA is a legal

9    conclusion, not an allegation of fact that must be accepted as true. *Lary*, 780 F.3d at 1107.

10   Thus, the claim for treble damages should be dismissed.

11   **E.    PLAINTIFF'S IMPERMISSIBLE ATTORNEY FEE REQUEST SHOULD**
12        **BE DISMISSED.**

13        Plaintiff's prayer for attorneys' fees should also be dismissed, as the TCPA does not

14   allow fee-shifting. *See Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016) ("Under the

15   American Rule for the allocation of attorneys' fees, litigants must cover their own legal

16   costs. (The Telephone Consumer Protection Act is not a fee-shifting statute.)"); *see also*

17   *Susilo v. Wells Fargo Bank*, *N.A.*, 796 F.Supp.2d 1177, 1196 (C.D. Cal. 2011).

18                        **III.    CONCLUSION**

19        Based on the foregoing, Ignite respectfully requests that its Motion to Dismiss be

20   granted pursuant to FRCP 12 (b)(1) or in the alternative FRCP 12(b)(6). If the Court is

21   inclined to keep part of the claims, Ignite requests this Court grant a partial dismissal of

22   this matter as a class action, and regarding claims for relief to treble damages and for

23   attorneys' fees.

24        Further, this Court should not allow Plaintiff to amend and the dismissal should be

25   with prejudice.  A court can grant leave to amend unless it determines that the pleading

26   could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122,

27   1127 (9th Cir. 2000) (en banc) (citations and quotations omitted).  Further, a court "may

28   exercise its discretion to deny leave to amend due to `undue delay, bad faith or dilatory

motive on part of the movant, …, undue prejudice to the opposing party . . . [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (*quoting Foman v. Davis*, 371 U.S. 178 (1962)).  Here, there are no further facts that Plaintiff can allege without further discovery at expense to all parties, but even then, he was only sent one text message. Thus, amendment should not be allowed.

Dated this 24th day of August, 2020        **FLANGAS LAW GROUP**

*/s/Kimberly P. Stein*
KIMBERLY P. STEIN, ESQ.
Nevada Bar No. 8675
E-mail: kps@fdlawlv.com
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Attorneys *for Defendant Ignite International, Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of August, 2020, I electronically filed the above and foregoing **DEFENDANT IGNITE INTERNATIONAL, LTD.'S MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(B)(1) AND 12(B)(6)**  using the CM/ECF system which will send a notice of electronic filing to all CM/ECF registrants.

*/s/Andi Hughes*
An employee of Flangas Law Group
